PEOPLE v. DORSCH.    (No. 6805.)

(Supreme Court, Appellate Division, First Department.    February 5, 1915.)

BREACH OF THE PEACE (§ 1*)—ELEMENTS OF OFFENSE.

One who spoke to a juror during the trial of a third person, and asked whether the jurors had come to any conclusion about the case, and that the jurors would find that it was a frame-up, was not guilty of disorderly conduct tending to a breach of the peace, in violation of Consolidation Act (Laws 1882, c. 410) § 1459.

[Ed. Note.—For other cases, see Breach of the Peace, Cent. Dig. §§ 1–3; Dec. Dig. § 1.*]

Appeal from Court of General Sessions, New York County.

Alfred G. Dorsch was convicted by a judge of the General Sessions of the Peace in and for the County of New York of disorderly conduct. From a judgment of the Court of General Sessions, affirming the conviction, he appeals. Reversed, and defendant discharged.

The evidence was, in substance, as follows: One E. was on trial before the said Court of General Sessions upon a criminal charge. During the noon recess this defendant spoke to one of the jurors in E.'s case in the corridor of the courthouse. The juror testified that the defendant asked him whether the jurors had come to any conclusion or formed any opinion about E.'s case, and said that they would find out that it was all a frame-up. The defendant admitted that he had spoken to the juror at the request of E.'s wife and daughter, and that he had said that the ladies were necessarily anxious about the case and would like to know what the jury thought of it, but that the juror refused to discuss it. He said that he told the juror that, as the prosecuting attorney had had the case all the morning, it looked rather black for E., but that E. had never been convicted before, and that defendant did not think that he would be convicted when his testimony was heard. Defendant denied that he had said that the case was a frame-up, swore that he had never been in a courtroom before, had not tried to influence the juror, and did not know that he was doing wrong.

The matter was brought to the attention of the trial judge in E.'s case. He sat as a city magistrate, and convicted the defendant of disorderly conduct tending to a breach of the peace, in violation of section 1459 of the Consolidation Act (Laws 1882, c. 410), and sentenced him to a definite term of two months in the workhouse under the provisions of section 88 of the Inferior Criminal Courts Act (Laws 1910, c. 659, as amended by Laws 1913, c. 372).

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

J. Manheim, of New York City, for appellant.
R. C. Taylor, of New York City, for the People.

PER CURIAM. We do not think that the acts complained of come within the provisions of section 1459 of the Consolidation Act (Laws of 1882, c. 410), because they did not tend to a breach of the peace, and therefore the conviction of this defendant was not justified.

The judgment must be reversed, and the defendant discharged.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes